## TOOMER v. THE STATE.

1. The evidence authorized the verdict; and no error of law is made to appear in any portion of the charge excepted to.

2. The evidence not authorizing any instruction upon the subject of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, the omission in the charge of any instruction upon that subject was not error.

Argued January 20,—Decided February 3, 1908.

Indictment for murder. Before Judge Felton. Houston superior court. December 18, 1907.

Joe Toomer was indicted for the murder of Lula Toomer, his wife. Upon the trial of the case the jury returned a verdict of guilty, with a recommendation to mercy, and the defendant excepted to the judgment overruling his motion for a new trial. There were no eye-witnesses to the killing. The evidence showed that the defendant returned to his home on the morning of the tragedy, after being away the night before, and asked his wife to prepare breakfast for him. According to some of the witnesses, the defendant and the deceased commenced playing with each other, and finally began disputing about whether the defendant should leave home again that day, Sunday. One of the witnesses testified, "I heard him [the defendant] tell her to make haste and fix breakfast, he wanted to go off; and she said if he went off she hoped somebody would kill him. He didn't say nothing, and about that time I heard the pistol fire." Two witnesses for the State testified that the defendant told them that he, the defendant, shot his wife because he was mad with her. Fulton, a witness for the State, testified, "I asked him why did he shoot her; and he said because she said she hoped some man would kill him before night." The defendant, in his statement, gave the following account of the occurrence: "I was playing with her [the deceased]. We were not mad at all. She was not mad, and she was kinder a little fretted, like colored women will be by her husband; and we started to playing, and we went in the other room, and was playing in there. When I threw the pistol down we were playing. I didn't know it would shoot; and if it did shoot, I didn't think I would hit her. And she wheeled, and she got shot, and it was done accidentally." The motion for a new trial in the case con-

tains the three general grounds, and the following special grounds: (1) "Because the court erred in charging the jury as follows: 'It is a rule of evidence that to warrant a conviction solely on circumstantial evidence, the proven facts must not only be consistent with the guilt of the accused, but exclude every other reasonable hypothesis save that of the guilt of the accused.' To which charge the defendant then and there excepted and now excepts and says this charge is error, because the presiding judge did not charge the jury the contra of this proposition on the law of circumstantial evidence; that is, that if there was any other inference of innocence, it would be the duty of the jury to turn the defendant loose." (2) "Because the court erred in charging the jury as follows: 'Now, if you believe that to be the truth of the case, that the homicide was committed in that way; that it was the result of an intentional firing by this defendant of his pistol at and towards his wife, and that there was no provocation therefor other than the remark, you would be authorized to find the defendant guilty of the crime of murder; for the reason that neither words nor threats nor menaces shall be sufficient to reduce a homicide from murder to a lower offense than murder. The words thus spoken to him, if in consequence of those words thus spoken he deliberately drew his pistol, intentionally fired and shot into her body, which caused her death, would not be provocation which under the law would reduce that act from murder to a lower grade of homicide than murder; and if you believe that the homicide was committed in that way, you would be authorized to find the defendant guilty of the crime of murder.' To which charge the defendant excepts, for the reason that the judge assumes that a homicide had been committed. This is a question for the jury to decide, and not for the presiding judge." (3) "Because the court erred in charging the jury as follows: 'If you believe the truth of the case is that the defendant was guilty of killing his wife without any intention to do so, but that he killed her in the commission of an unlawful act, then you would be authorized to investigate the question as to whether or not the defendant is guilty of the offense of involuntary manslaughter in the commission of an unlawful act. That is an offense which is punished by confinement in the penitentiary for a term not less than one nor longer than three years. And on that subject I charge the jury

this, that if you believe the defendant, having no intention to fire the pistol at his wife, yet pointed it towards her intentionally, the intentional pointing of a pistol towards another, whether loaded or unloaded, when not done in self-defense or under circumstances of justification enumerated in the code, but in consequence of the intentional pointing of the pistol at her, that he, under the impression the pistol was not loaded, snapped it at her, thinking that the pistol was not loaded, and that her death was produced by the firing upon her unintentionally on his part, by the explosion of the cartridge in there, when he thought there was none there, yet as the result of the doing on his part of the unlawful act, of the intentional pointing the pistol at her, and in that way her death resulted, you would be authorized to find the defendant guilty of involuntary manslaughter in the commission of an unlawful act.' To which charge the defendant excepts and says that the court erred in charging this part of the Criminal Code on involuntary manslaughter in the commission of an unlawful act, without charging the jury the other grade of involuntary manslaughter in the commission of a lawful act." (4) "Because the court erred in not charging the jury in this case the law of involuntary manslaughter in the commission of a lawful act. Defendant's counsel contends that there was evidence that calls for this charge, and it was harmful to the accused not to give it."

*John R. Cooper,* for plaintiff in error. *John C. Hart, attorney-general,* and *William Brunson, solicitor-general,* contra.

BECK, J. (After stating the facts.) Upon a careful consideration of each of the several grounds of the motion for a new trial excepting to the portions of the charge of the court, no error is made to appear therein. The portions of the charge complained of clearly, correctly, and appositely stated to the jury the law applicable to the case under its peculiar facts.

The last ground of the motion complains that the court erred in not charging the jury the law of involuntary manslaughter in the commission of a lawful act; but we agree with the court below in its holding that there was no evidence in the case to authorize a charge upon this subject, and indeed counsel for plaintiff in error do not undertake to point out any lawful act that the accused was in the performance of at the time of the discharge of the pistol the shot from which inflicted the fatal wound. Fairly

construed, the defendant's statement means that he "threw the pistol down," that is, brought it down in a position for firing in the direction of his wife, and that he did then voluntarily pull the trigger and discharge the weapon, thinking it was not loaded. In doing this, whether the pistol was loaded or not, he was in the commission of an unlawful act. It is true that he stated that his wife, by turning, brought her hip, the portion of her body struck, in a line with the weapon; but he does not negative the idea that when he "threw it [the pistol] down" he threw it down toward her. Taking the most favorable view of the case as made in his own behalf by the statement of the defendant, he pointed the pistol, under the impression that it had no cartridge in it, at his wife, and pulled the trigger. The explosion which followed, and resulted in the death of his wife, may have been a surprise to him; but his mere ignorance of the fact that the pistol was loaded does not relieve his act in pointing the pistol at his wife of the element of crime. And the judge properly omitted from his instruction all reference to the law of involuntary manslaughter in the commission of a lawful act without due caution and circumspection.

Counsel for plaintiff in error in his brief contends that this homicide was an unavoidable accident. If the statement of the prisoner is susceptible of the construction that when he "threw the pistol down" he did not throw it in the direction of, nor point it at his wife, but pointed it in a direction aside from her, and that he fired the pistol accidentally, and his wife, by a sudden movement, brought her body in the line of fire, and there was no fault on his part, then the unfortunate occurrence which resulted in the woman's death was an unavoidable accident, as counsel insists. But if this last supposition were true, the defendant was guilty of no offense against the law; for in the case last supposed, the homicide would have been committed by misfortune or accident without fault, intention, or culpable negligence on the part of the accused. This theory of the defense was duly submitted to the jury by the court in its charge, and the jury found this contention of the defendant to be untrue.

While there is much evidence in the record tending to show that the accused was guilty of no higher crime than involuntary manslaughter in the commission of an unlawful act, there was, we think, sufficient evidence produced by the State to authorize the

jury to find that in a fit of anger produced by a trifling quarrel with his wife, the defendant deliberately shot and killed her, and that the killing was murder. No error of law having been shown; and the evidence authorizing the verdict, we are compelled to affirm the judgment refusing a new trial.

*Judgment affirmed. All the Justices concur.*